THE PEOPLE v. WILLIAM NEWMAN.

*Liquor traffic—Tax—Selling as agent.*

1. Calling profits " commissions " does not change their character, and the retention of the title to the thing sold until paid for is not unusual where a purchase and sale are actually intended.

2. A brewing company, which had paid the tax and given the bond required by law, entered into a contract by which the contractee was appointed agent for the company at and in a certain township for the sale of its beer.   He was to collect and remit to the company all money due for beer sold, was to pay the freight on all beer shipped to him, and the company agreed to pay him, as commission, on every barrel of beer sold by him, the difference between five dollars with the freight deducted and whatever price the beer might sell for above that amount, which was to be compensation in full for all services performed by him for the company, and which commission he was authorized to retain. The company retained title to the beer, with the right of possession, until it was sold, and all moneys received by the contractee were to belong to the company.   And it is held that there was practically a sale of the beer to the contractee, and that he was liable to pay the tax and give the bond required by law of wholesale liquor dealers.[1]

[1] See *Brewery Co. v. Merritt,* 82 Mich. 198.

Exceptions before judgment from Menominee. (Stone, J.) Argued February 2, 1894. Decided February 20, 1894.

Respondent was convicted of engaging in the business of selling intoxicating liquors at wholesale without having paid the tax and filed the bond required by law. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*Sawyer, Waite & Waite,* for respondent.

*A. A. Ellis,* Attorney General, and *B. J. Brown,* Prosecuting Attorney, for the people.

McGRATH, C. J.  Respondent was complained against for selling beer at wholesale at Hermansville, in the county of Menominee, without having filed the bond and paid the tax required by law.  Respondent's contention is that he was acting as agent for a brewing company of the city of Menominee, and he relies upon a contract, which contains the following provisions :

" Said party of the first part have, and by these presents do hereby, constitute and appoint said party of the second part their agent at and in the township of Hermansville to sell for said party of the first part beer, under the following terms and conditions:

" 1. Said agent shall promptly collect and return all empty kegs and barrels to first party.

" 2. He shall promptly collect all moneys due to said first party for all beer sold, and remit the same to said party of the first part on Monday of each and every week.

" 3. He shall pay the freight on all beer shipped to Hermansville, and keep an accurate account thereof.

" 4. The party of the first part, for such services, agrees to pay the party of the second part, as commission, on every barrel sold by him, the difference between five dollars with the freight deducted and whatever price said beer may sell for above that amount, which said commission said first party permits said second party to retain;

and which said commission shall be compensation in full for all services performed by him for first party.

"5. The balance, five dollars for each and every barrel of beer sold, shall be promptly, and in the manner above stated, remitted by said second party to said first party.

"6. The said party of the second part hereby accepts the said agency, and agrees to be bound by and observe the terms and conditions above mentioned.

"7. It is understood that the title in and to the beer furnished William Newman does not vest in him, but it and the right of possession to same shall at all times remain in said party of the first part, until sold by second party; and all moneys received by him, it is hereby understood, belong to said first party.

"8. This agency may terminate at any time at the will of either of the parties hereto, on three days' notice; and, in the absence of a previous termination thereof, this agency shall terminate on the 1st day of May, A. D. 1894.

"9. Upon the termination of this agency, all books of account between first party (or its said agent) and its customers shall be surrendered to said first party, and all moneys of the company in said agent's hands shall be promptly paid over to first party."

The court instructed the jury that, under the terms of this contract, there was practically a sale of the beer to respondent, and that he was not an agent, but a purchaser. There was no error in this instruction. Under this contract, respondent was to account to the brewing company for all the beer shipped to him at the rate of five dollars per barrel, and to retain the proceeds of all sales over and above that figure. The instrument expressly provided that he was to retain the difference between five dollars with the freight deducted and whatever price said beer would sell for above that amount. The contract did not determine the price at which such beer should be sold, but, under it, respondent was entitled to fix that price, account only to the brewing company for the specific price to him, and retain the balance or profit to himself. This fact must be held to determine the real character of the transaction between these parties. Calling profits

"commissions" does not change their character, and the retention of the title to the thing sold until paid for is not unusual where a purchase and sale are actually intended.

The conviction is affirmed, and the court will proceed to judgment.

The other Justices concurred.