ROBERTS *v.* STATE.

Opinion delivered December 16, 1907.

CRIMINAL LAW—DIRECTING VERDICT.—It was error to direct the jury to return a verdict of guilty in a prosecution for a misdemeanor which is punishable by imprisonment.

Appeal from Sebastian Circuit Court; *Daniel Hon,* Judge; reversed.

## STATEMENT BY THE COURT.

The only question to be determined by this appeal is whether the court, in a criminal case, where a part of the penalty is or may be imprisonment, can instruct the jury to return a verdict of guilty.

The evidence was undisputed, and, if true, showed that appellant had practiced medicine without license. Appellant was indicted for this offense under Kirby's Digest, § 5241, which fixes the punishment at "a fine of not less than twenty-five dollars nor more than five hundred dollars, or by imprisonment in the county jail for a period of not less than ten days nor more than ninety days; or by both fine and imprisonment." The judge instructed the jury to return a verdict of guilty, which was done, and the punishment assessed at a fine of $100.

*P. E. Rowe* and *T. B. Pryor,* for appellant.

The punishment in this class being partly imprisonment, it was error to instruct the jury to return a verdict of guilty. 11 Fed. 471; art. 2 § 10, Const.; art. 7, § 23, *Id.*; 12 Cyc. 595.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

While the court may in a proper case, where the punishment is a fine only, direct a verdict (36 Ark. 84), it ought not to do so where the punishment is by statute fixed at fine or imprisonment or both fine and imprisonment. 64 Mo. App. 126; 113 N. C. 648. If it was erroneous to direct a verdict in this case, the verdict of the jury fixing appellant's punishment at a fine only shows that the error was harmless.

WOOD, J., (after stating the facts.) This court in *Jones v. State,* 15 Ark. 262, held that a defendant, who has been tried by a jury and acquitted of an offense punishable by fine only, could, upon a reversal and remand of the cause by the Supreme Court, again be put upon trial for the same offense—without violating the constitutional provision "that no person shall for the same offense be twice put in jeopardy of life or limb." Sec. 8, art. 2, Const. In *Taylor* v. *State,* 36 Ark. 84, this court held that where a defendant was tried by jury and acquitted of a misdemeanor punishable by fine only, the trial court could set

aside the verdict of the jury and again put the defendant on trial, without violating the constitutional provision above mentioned. Thus this court has recognized the power of the circuit court to set aside verdicts of acquittal in misdemeanor cases punishable by fine only.

In civil cases this court holds that where the evidence is undisputed and unimpeached, and there is no circumstance shown from which an inference against the facts testified to can be drawn, the facts may be taken as established, and a verdict directed accordingly. *Skillern* v. *Baker*, 82 Ark. 86; *American Central Ins. Co.* v. *Noe*, 75 Ark. 406; *Catlett* v. *Ry. Co.*, 57 Ark. 461. Such direction, according to the doctrine of the above cases, is not contrary to the provisions of the Constitution giving the parties in law cases the right to trial by jury (section 7, art. 2, Const.) and prohibiting judges from charging the juries with regard to matters of fact. Sec. 23, art. 7, Const. For, when the conditions exist as announced in *Skillern* v. *Baker, supra,* it then becomes a question of law, and the trial court has power to direct a verdict in accordance with the law, which is but in fact declaring the law that the jury must obey.

A majority of the court is of the opinion that it follows logically from these decisions that in a misdemeanor case, where the punishment is by fine only, the judge, having power to set aside a verdict of acquittal, would also have power to direct a verdict of guilty where the facts were undisputed, and where guilt from all the evidence was the only inference that could be drawn. This court in the case of *Stelle* v. *State*, 77 Ark. 441, where the punishment was by fine only, sustained a judgment of conviction where the trial judge directed the verdict. But the question now under consideration was not raised or discussed in that case.

In this case, however, while the verdict rendered was for fine only, the appellant was tried for an offense punishable either by fine or imprisonment. Section 5241, Kirby's Digest. We are all of the opinion that in such cases the trial judge has no power to direct a verdict. Says Mr. Bishop: "The judge is incompetent to convict one of crime, even though he acknowledge it, except on a plea of guilty. The evidence is exclusively

for the jury. However conclusive of guilt it may be, he can only tell them that, if they believe such and such to be the facts, the law demands a verdict of guilty; he can not otherwise direct such verdict." Authorities to sustain the text are cited in note. See also 12 Cyc. 595, note 15. The authorities are all practically one way, supporting the doctrine announced by Mr. Bishop. And they make no exception in cases of misdemeanor punishable by fine only.

The majority of the court is of the opinion, however, that our own court is already in line with the doctrine announced in the *Unites States* v. *Susan B. Antony,* 11 Blatch. 200, 24 Fed. Cases No. 4450, and the Michigan cases holding to the same doctrine. *People* v. *Elmer,* 109 Mich. 493; *People* v. *Newman,* 99 Mich. 148, and cases cited. And that the doctrine of these cases is founded upon the sound legal principle that where the facts are undisputed, and only one inference can be drawn from them, the question is then one of law for the court, and not of fact for the jury. But the doctrine can not apply in a case where jeopardy attaches, for the reason that in such cases, as before stated, the court is without power to set aside a verdict of acquittal or to direct a verdict either way.

Inasmuch as there might have been imprisonment in this case, it follows that the court erred in directing the verdict; and that the judgment should be reversed, and the cause remanded for new trial.

So ordered.

The writer is of the opinion that a verdict of guilty can not be directed in any criminal case.