Shipp v. State.

## SHIPP *v.* STATE.

### (*Knoxville.*   September Term, 1913.)

**1. HOMICIDE.   Trial.   Direction of verdict.**

In a prosecution for homicide, where accused pleaded not guilty, though he admitted the firing of the fatal shot, claiming that it was caused by his nervousness, and that he was only attempting to rob deceased, it is reversible error for the court to charge that the only question for the jury to determine was whether accused was guilty of murder in the first degree with mitigating circumstances, for Shannon's Code, sec. 6441, declares that the jury before whom an offender is tried shall ascertain whether it is murder in the first or second degree, and if accused confess his guilt, the court shall determine the degree of crime by the verdict of a jury, and the court, not having the power to set aside the verdict of a jury, cannot, as it practically did in this case, direct a verdict of guilty or pass on any question of fact. (*Post, p.* 503.)

Code cited and construed:   Sec. 6441 (S).

Cases cited and approved:   Huffman v. State, 29 Ala., 40; State v. Wilson, 62 Kan., 621; State v. Godwin, 145 N. C., 461.

**2. CRIMINAL LAW.   Trial.   Direction of verdict.**

In a prosecution for felony, where a plea of not guilty is interposed, the court can neither direct a verdict of guilty nor can it pass on any question of fact unfavorable to accused.   (*Post, p.* 504.)

FROM HAMILTON.

Appeal from Criminal Court, Hamilton County.— S. D. McREYNOLDS, Judge.

W. L. FRIERSON, for appellant.

W. W. FAW, Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

In this case there was a conviction of the plaintiff in error of the crime of murder in the first degree for the killing of one Bedell; the sentence being one for his execution. He has appealed and assigned as error that the trial judge charged the jury as follows, notwithstanding he stood at the time on a plea of not guilty:

"The defendant makes no denial of this occurrence, but states on the stand that he did commit this murder, but insists that he was raised up around Bedell's place, that he never had any education, and that he was raised up under Bedell's tutelage to some extent. And from these facts his attorney, in argument, requests the jury to find the defendant guilty of murder in the first degree with mitigating circumstances. From this admission of defendant and his counsel, the only thing left for you, gentlemen of the jury, is to determine whether or not you will recommend mercy in your verdict, and this is a matter for you to determine and report. If you find the defendant guilty of murder in the first degree, without more, under the law he will have to suffer death. If you find him guilty of murder in the first degree, with mitigating circum-

stances, and so report, then it is a question for the court to determine as to whether he shall be sentenced for life or sentenced to death under the law.''

The reference in the charge is to the testimony of plaintiff in error to the effect that he did kill Bedell, not that in so doing he committed murder in the first degree; that he and one Dodson had planned to rob Bedell and laid in wait in the darkness for deceased to leave his store to go to his residence; that plaintiff in error did not start out or design to shoot Bedell but intended to hold up deceased and rob him. ''Q. Now, how came it that he was shot? A. I don't know. Scared—nervous, I reckon—and pulled the gun off, I reckon. I didn't intend to.''

The charge from which the above excerpt is made contained the usual instructions in respect to the different degrees of homicide, the presumption of innocence, reasonable doubt, and weight of evidence.

The argument of counsel of the accused for error is that the portion of the charge of the trial judge quoted was tantamount to giving peremptory instructions to the jury to find plaintiff in error guilty of murder in the first degree and was an invasion of the province of the jury as well as a denial of trial by jury guaranteed by the constitution.

It will be noted that the trial judge told the jury that, in view of the admissions made, the only thing left for the jury to do was to determine whether or not extenuating circumstances existed. The jurors could have drawn no conclusion from this other than

that they were under instruction to proceed upon the basis of murder in the first degree being fixed on the accused, so far as they were to make return.

This was error. Whatever may be the rule in relation to misdemeanors, the weight of authority is overwhelming to the effect that in prosecution for felony, where a plea of not guilty is interposed, it is not permissible for the court to direct a verdict of guilty or to pass on any question of fact unfavorable to the defendant. This is true even though the incriminating evidence is uncontradicted or conclusive. *Huffman* v. *State*, 29 Ala., 40; *State* v. *Wilson*, 62 Kan., 621, 64 Pac., 23, 52 L. R. A., 679; *State* v. *Godwin*, 145 N. C., 461, 59 S. E., 132, 122 Am. St. Rep., 467; *Konda* v. *U. S.*, 166 Fed., 91, 92 C. C. A., 75, 22 L. R. A. (N. S.), 304, and note.

In the last cited case, Baker, Cir. J., said: "In our judgment, however, a defendant in a criminal case has the absolute right to require that the jury decide whether or not the evidence sustains each and every material allegation of the indictment. . . . In a civil case, the judge may exercise the power of directing a verdict for the plaintiff when there is no conflict in the evidence and the only inference that may be drawn by reasonable minds as to the ultimate facts in issue favors the plaintiff. This power, we opine, grew out of the practical administration of the fundamental power to review, on a motion for a new trial, the findings of the jury. . . . But in a criminal case, if the jury returns a verdict for the defendant, the judge, no

matter how contrary to the evidence he may think the verdict is, cannot set it aside and order a new trial. Therefore, since the judge is without power to review and overturn a verdict of not guilty, there is no basis on which to claim the power to direct a verdict of guilty. Our conclusion is that an accused person has the same right to have twelve laymen pronounce upon the truth or falsity of each material averment in the indictment, if the evidence against him is clear and uncontradicted, as he unquestionably would have if it were doubtful and conflicting. Inasmuch as jurors are rightly trusted, in close and difficult cases, to maintain the peace and dignity of organized society, surely they may be relied on in the plain and simple ones.''

In this State we have a statute (Shannon's Code, sec. 6441) providing, in reference to trials for murder, as follows: ''The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly.''

If on a plea of guilty the jurors are by statute made the determiners of the degree of such an accused's guilt, *a fortiori* the trial judge cannot be permitted to exercise that function and instruct as in this case, where the accused had pleaded not guilty.

Further, plaintiff in error testified that the shooting and killing was not intentional, but were attributa-

ble to his nervousness in carrying out the real design to rob. Whatever of weight or lack of weight this testimony carried was a matter for the jury, to be considered when, under the statute quoted, it came to ascertain by verdict whether the crime was murder in the first or second degree. This phase of the statute is treated of in an opinion by the chief justice at this term in the case of *Jones* v. *State,* 161 S. W., 1016, and need not be here further discussed. Plaintiff in error was entitled to have the jury determine whether his guilt was that of murder in the second degree. Reversed and remanded.