PARKER *v.* STATE.

Opinion delivered July 9, 1917. ·

1. CRIMINAL LAW—INTENT—INDICTMENT.—A charge that an act is feloniously done includes a charge that it is done wilfully and with criminal intent.

2. COUNTIES—OFFICERS—EMBEZZLEMENT.—There is no conflict between Kirby's Digest, § 1990, covering the misappropriation of public funds by county officials, and Special Act of 1911, p. 132, putting the officials of Polk County·on salaries.

3. CRIMINAL LAW—RIGHT OF COURT TO DIRECT A CONVICTION.—In a criminal prosecution it is improper for the court to direct a verdict of guilty, and the court commits reversible error where it gives an instruction which is tantamount to a direction· to find the defendant guilty.

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; reversed.

*Minor Pipkin* and *Steel & Lake*, for appellant.

1. The indictment does not state facts sufficient to constitute a public offense. It does not charge that defendant knowingly and wilfully, and *with intent*, etc. Kirby's Digest, § 1842, has been repealed, and if sustained at all it must be under section 1990, and still is defective for want of averment of *intent*, knowledge and wilfulness. 58 Ark. 98; 69 *Id.* 454; 112 *Id.* 282; Acts 1911, No. 76.

2. The court erred in its charge to the jury. The oral charge of the court was really a direction to find the defendant guilty—a directed verdict. Kirby's Digest, § 7162; 48 *Id.* 78; 69 *Id.* 454; 112 *Id.* 282.

*John D. Arbuckle*, Attorney General, and *T. W. Campbell*, Assistant, for appellee.

1. The indictment was drawn under section 1990, Kirby's Digest, and contains the words "*feloniously*" and "*fraudulently.*" This is equivalent to *wilfully* and with *criminal intent*, etc. 71 Ark. 403; 111 Mo. 473; 53 Kan. 663. The special statute in no way repeals or modifies section 1990.

2.   There is no error in the instructions given or refused.   See 48 Ark. 81; 58 *Id.* 98; 112 *Id.* 282; 103 *Id.* 28.

3.   The oral charge of the court states the truth from the record and is not a direction to return a verdict of guilty.   It was the official duty of appellant to collect the fees as required by law and the failure to pay over the surplus above salaries, etc., rendered him guilty under the act of 1911.   See 50 Ark. 276; 24 *Id.* 402; 49 *Id.* 449; 30 *Id.* 72; 25 *Id.* 311; 7 *Id.* 499.

STATEMENT BY THE COURT.

W. L. Parker was indicted for embezzlement charged to have been committed by converting to his own use public moneys which came into his hands as county clerk of Polk County.   The material facts are as follows:

Parker was duly elected and qualified as county clerk of Polk County, for the term of two years from October 30, 1914.   He entered upon the discharge of his duties and in compliance with the statute, on September 30, 1916, Parker, as county clerk, filed a report of the receipts and expenditures of his office.   The report was duly verified and showed that he owed the county something over $1,800.   His report was duly examined and approved by the commissioners of accounts.   Parker failed to pay over the money admitted by him to be due the county as required by the statute.   The bondsmen of Parker were witnesses in the case and testified that they had a conversation with him in regard to the state of his accounts with the county.   They said he admitted to them that he owed the county the amounts stated in his report, and upon being asked how it happened, his explanation was that the expenses of the office was so great that he couldn't run the office under the salary allowed.   He stated to them on different occasions that the expenses of the county clerk's office was such that a person could not possibly keep it up on the amount allowed by law.   The bondsmen made up the deficiency and paid it into the county treasury on March 9, 1917.   Parker was behind with the county at that time in the sum of $2,000.   One of

the commissioners of accounts for Polk County for the year 1916 stated that the commissioners concluded the examination of Parker's accounts with the county on the 4th day of October, 1916, and that he owed the county, at that time according to their examination, $2,130.35.

The court gave several instructions at the instance of the State including an instruction on reasonable doubt. It also gave several instructions at the request of the defendant. The jury retired to consider of its verdict, and, after having been out some time, the jury reported to the court that it was unable to agree upon a verdict. Whereupon the court orally charged the jury, over the objection of the defendant, as follows:

"Gentlemen: This is a case in which there is no conflict in the testimony. Ordinarily, when cases are submitted to a jury, it is on conflicting testimony; part of the witnesses swear one way and another swears directly to the contrary. Juries then have difficulty in determining which part of the testimony is true. When witnesses swear one way and another swears directly to the contrary, it is rather difficult to decide a case. This is a case in which there is no conflict. The law is simple and plain; the testimony is unconflicting. There is just one thing and that is embodied in your oath. Each of you said, 'I do solemnly swear to try the case according to the law and the evidence, so help me God.' Unconflicting testimony, the law is plain and simple. It is just a question of your oaths. That is the only matter before you."

The jury then returned a verdict of guilty and the punishment of the defendant was fixed by it at five years in the State penitentiary.

From the judgment of conviction the defendant has duly prosecuted an appeal to this court.

HART, J., (after stating the facts). The indictment in this case was returned under section 1990 of Kirby's Digest. The section reads as follows: "It shall be unlawful for any officer of this State, or of any county, township, city or incorporated town in this State, or any

deputy, clerk or other person employed by any such officer, having the custody or possession of any public funds, by virtue of his office or employment, to use any of such funds in any manner whatsoever for his own purpose or benefit, or to loan any of such funds to any person or corporation, whomsoever or whatsoever, or permit any person or corporation whomsoever or whatsoever to use any of such funds, or to pay or deliver any such funds to any person or corporation, knowing that he is not entitled to receive it, or for any such officer to wilfully fail or omit to pay over any such funds to his successor in office at the expiration of his term of office; but collectors of taxes, county treasurers and treasurers of cities and incorporated towns may deposit the public funds in their custody in incorporated banks for safekeeping; and the said officers and the sureties on their official bonds, the bank and the stockholders of the bank shall be liable for all funds that such bank on demand shall fail to pay to the person entitled to receive the same.''

(1) It is contended by counsel for the defendant that the indictment is insufficient because it does not contain any averment that the misappropriation of the funds by the defendant was intentional or wilful. The indictment does charge, however, that the defendant ''did then and there unlawfully, feloniously and fraudulently fail and omit to pay the amount as aforesaid to said county due by him, the said W. L. Parker, on settlement, and did then and there unlawfully, feloniously use said money and funds as aforesaid for his private purposes, and convert the same to his own use,'' etc. To charge that an act is feloniously done includes a charge that it is done wilfully and with criminal intent.

(2) Counsel for the defendant also urges that since the Legislature of 1911 passed a special statute paying the officials of Polk County salaries and prescribing the method of their accounting and settlement with county, that section 1990 of Kirby's Digest does not apply. The special act placing certain officials of Polk County on a salary may be found in the Special Acts of Arkansas for

1911, page 132. The act requires certain county officials of Polk County to keep a record of all moneys or other evidence of value received or earned by them as such officers under the laws of this State. It is also made the duty of such officers to make a report under oath quarterly to the commissioners of accounts and a final report to the commissioners of accounts at the expiration of their terms of office.

In these reports he is required to set forth the total amount of money, etc., received by them. It is made the duty of the commissioners of accounts to review and pass upon these reports. The officers named in the act are required to pay the excess of public moneys in their hands immediately into the treasury of Polk County after such accounts are passed upon by the commissioners of accounts. This special act has an entirely different object to that sought to be accomplished by section 1990 of Kirby's Digest, and it is readily apparent from reading the two acts that they in no wise conflict with each other.

(3) It is also contended that the oral charge to the jury copied in the statement of facts was tantamount to a directed verdict against the defendant and constitutes reversible error. In this contention we think counsel are correct. In the declaration of rights in the Constitution of 1874, article 2, section 10, it is provided among other things, that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed.

Article 7, section 23, provides that judges shall not charge juries with regard to matters of fact, but shall declare the law. In *Roberts* v. *State,* 84 Ark. 564, the court held that it was error to direct the jury to return a verdict of guilty in a prosecution for a misdemeanor which is punishable by imprisonment. The court quoted from Bishop on Criminal Procedure (2d ed.), Vol. 2, p. 813, the following:

"The judge is incompetent to convict one of crime, even though he acknowledge it, except on a plea of guilty.

The evidence is exclusively for the jury. However conclusive of guilt it may be, he can only tell them that, if they believe such and such to be the facts, the law demands a verdict of guilty; he can not otherwise direct such verdict."

In the case of *Shipp* v. *State,* 128 Tenn. 499, in discussing the question the court said:

"Whatever may be the rule in relation to misdemeanors, the weight of authority is overwhelming to the effect that in a prosecution for felony, where a plea of not guilty is interposed, it is not permissible for the court to direct a verdict of guilty or to pass on any question of fact unfavorable to the defendant. This is true even though the incriminating evidence is uncontradicted or conclusive."

In the case of *State* v. *Koch,* 34 Mont. 490, 8 A. & E. Ann. Cas. 804, the court said:

"Where the defendant in any criminal prosecution pleads not guilty, the trial court, no matter how conclusive the evidence may be, can not instruct the jury to return a verdict of guilty, as the defendant can not be deprived of his absolute constitutional right to have the question of his guilt or innocence determined by the jury without coercion by the court."

In the case of *Konda* v. *United States,* 166 Fed. 91, 22 L. R. A. (N. S.) 304, the court held that the question of whether or not a pamphlet for the mailing of which one is on trial, is non-mailable, can not be determined by the court as a matter of law, although the evidence is uncontradicted, and the jury can not be directed to bring in a verdict to that effect, but the question must be left to the determination of the jury. The reason the court may direct a verdict in a civil case and in a misdemeanor case where punishment is by fine only is that the court has the power to set aside verdicts in such cases and the action of the court cuts off the possibility of useless verdicts by directing the jury the only verdict which the court would let stand. But in criminal cases, where part of the punishment is by imprisonment, if the jury returns a verdict

for the defendant, the judge can not set it aside and order a new trial, even though it may think the evidence for the State is uncontradicted.

In the case of *State* v. *Riley,* 113 N. C. 648, 18 S. E., 168, the court held that, although the evidence for the State in a criminal case is uncontradicted, the court can only instruct the jury to return a verdict of guilty if they believe the State's evidence. In *U. S.* v. *Taylor,* 12 Fed. 470, the court said:

"By his plea of not guilty the deefndant must be understood as denying the truth of the information or indictment and as not conceding the truth of what the witnesses for the government have sworn to. This is so, notwithstanding the fact that no witnesses for the defendant contradicted the statements of the witnesses for the prosecution. In this condition of the testimony it was the right of the jury to pass upon the credibility of the witnesses even if unimpeached as to character, and to consider whether, upon applying all the tests of manner, clear or confused statement, prejudice and accuracy of memory, they were to be believed. It was within the province of the jury to disbelieve the witnesses for the government." See also *Territory* v. *Kee* (N. M.), 25 Pac. 924; *State* v. *Wilson,* 62 Kan. 621, 52 L. R. A. 679; *State* v. *Godman,* 145 N. C. 461, 123 A. S. R. 467; *Huffman* v. *State,* 29 Ala. 40; Thompson on Trials (2 ed.), Vol. 2, § 2149.

We have held that upon the trial of a person indicted for an offense consisting of different grades, and there is no evidence to warrant submission of one of the lower grades to the jury, the judge is not required to instruct on that grade. For instance, if the defendant is indicted for murder and there is no evidence upon which to predicate an instruction of manslaughter the court is not required to instruct the jury on manslaughter. We have held that this is not an invasion of the province of the jury as to question of fact; but that it is simply applying the law to the facts. It would be quite a different ques-

tion, however, for the court to tell the jury that the facts on a certain decree of homicide were undisputed.

In *Harris* v. *State,* 34 Ark. 469, an exception was saved to the action of the court in giving an instruction after the close of the argument. This court held that such action of the court was not error but said: "Judges may not now, as under the former practice in charging juries, sum up the evidence, and tell them what facts are proven and what are not, and leave them to find such facts only as the court may deem disputed or doubtful, but it is the province of the court to declare the law applicable to the case, and the court is not obliged to be silent after the close of the argument." The oral charge was given by the court after the jury had failed to agree and had reported their disagreement to the court.

We are of the opinion that the oral charge in question in this case is neither more nor less than an instruction to convict. The court told the jury that the case was not open to dispute on any essential fact. This the court was not warranted in doing, and it in effect was an instruction to the jury to return a verdict for the State.

For this error the judgment must be reversed and the cause remanded for a new trial.