WYLIE *v.* STATE.

Opinion delivered December 22, 1917.

1. APPEAL AND ERROR—CRIMINAL LAW—SUFFICIENCY OF THE EVIDENCE.—In reviewing the evidence in a criminal appeal, under a directed verdict, this court will consider only the undisputed testimony offered in appellant's behalf.

2. CARRYING CONCEALED WEAPON—NECESSARY PROOF.—To sustain a conviction for carrying a concealed weapon, under Kirby's Digest, § 1609, and the Act of March 29, 1907, p. 323, it is essential that the proof show that the pistol was carried as a weapon, and whether it was so carried is a question for the jury.

3. CRIMINAL LAW—DIRECTED VERDICT—CRIME PUNISHABLE BY IMPRISONMENT.—The trial court is without authority to direct a verdict, in a prosecution for the carrying of a concealed weapon, brought under Kirby's Digest, § 1609, and the Act of March 29, 1907, p. 323, where the punishment for the crime is a fine, imprisonment or both.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; reversed.

*J. W. Morrow,* for appellant.

1. The pistol must be carried *as a weapon*. This is a question of intent, a question of fact for a jury. 68 Ark. 447.

2. It was error to direct a verdict, as the guilt or innocence of defendant was purely a question of fact. Besides, on neither occasion was it carried as a weapon. On the first he merely carried it home and on the second it was in Lee County.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The undisputed evidence shows that he was guilty. Any errors in the instructions were harmless. 99 Ark. 576; 91 *Id.* 97; 104 *Id.* 140.

In the absence of evidence to the contrary it will be presumed that if concealed, it was carried as a weapon. 34 Ark. 448; 99 *Id.* 65, 68. The evidence being undisputed the court properly instructed a verdict, leaving the jury to fix the punishment. 84 Ark. 564; 88 *Id.* 269.

SMITH, J. (1) At the trial of this cause in the court below, the jury was directed to find the appellant guilty of the charge of carrying a concealed weapon, and fix his punishment at a fine of not less than fifty dollars nor more than two hundred dollars, and this appeal has been prosecuted to reverse a judgment imposing a fine of $100 upon a verdict so returned. The proof on the part of the State was to the effect that appellant had carried a pistol on two different occasions, but the court did not specify the occasion for which the fine should be imposed, and it will, therefore, be necessary to review the evidence upon both occasions; but, inasmuch as a verdict was directed against appellant, we need consider only, for the purpose of this appeal, the undisputed testimony and that offered in his behalf. According to this testimony, appellant had bought a pistol in Forrest City at a restaurant from a boy named Will Fleming, and the pistol was put in a suitcase, along with some cartridges, and the suitcase was carried by Fleming and placed in a truck belonging to one Charlie Walker, on whose farm appellant

lived.  Appellant rode in the truck to his home.  Walker testified that appellant did not have on a coat, nor did he have the pistol on his person.  There was also testimony that one Clem Kilgore borrowed the pistol, and carried it to the Cut Off, where appellant some days later shot the pistol at a snake; but that the Cut Off was in Lee County, whereas appellant was charged with carrying the pistol in St. Francis County.

(2)  By section 1609 of Kirby's Digest, it is made unlawful to carry a pistol as a weapon, and by the act of March 29, 1907, page 323, it is provided that any person convicted of a violation of the provisions of section 1609 of Kirby's Digest shall be punishable by fine of not less than fifty dollars nor more than two hundred dollars, or by imprisonment in the county jail for not less than thirty days nor more than three months, or by both fine and imprisonment.  To sustain a conviction under this statute it is essential that the proof show that the pistol was carried as a weapon.  It is true that it has been said that, when it was shown that a person wore a pistol concealed, the presumption was that it was carried as a weapon; but in the same case it was also said that this presumption was one of fact which might be overcome by affirmative proof that it was not carried as a weapon. *Hatchcock* v. *State,* 99 Ark. 65.  The jury here might very well have found that appellant, in carrying the pistol from the place of its purchase to his home, was not carrying it as a weapon.  *Carr* v. *State,* 34 Ark. 448.  And, so far as the second occasion was concerned, the jury might have found that the venue had not been properly proved.

(3)  The court erred in directing the verdict for still another reason. This offense is punishable either by a fine or imprisonment, or by both fine and imprisonment, and it was within the province of the jury to decide what the appropriate punishment would be. It is true the jury was directed to impose a fine only; but, when the court instructed the jury as a matter of law that the appellant was guilty as charged, it was the province of the jury to determine what the punishment should be.  Of course,

the jury could not have exceeded the limits fixed by the statute, and the judge might have reduced the maximum sentence to a lower one, or to the lowest one, and yet the court might not have done so. We need not speculate about the probable action of a trial judge under the circumstances stated. The question is one of power. The trial judge directed the jury to return a verdict of guilty when the punishment might have been imprisonment.

In the case of *Roberts* v. *State*, 84 Ark. 564, the members of the court differed about the right of the trial court to direct the jury to return a verdict of guilty in any case, and the writer of the opinion expressed the view that it could not be done in any case; but the view of the majority was expressed as follows: "In this case, however, while the verdict rendered was for fine only, the appellant was tried for an offense punishable either by fine or imprisonment. Section 5241, Kirby's Digest. We are all of the opinion that in such cases the trial judge has no power to direct a verdict. Says Mr. Bishop: 'The judge is incompetent to convict one of crime, even though he acknowledge it, except on a plea of guilty. The evidence is exclusively for the jury. However conclusive of guilt it may be, he can only tell them that, if they believe such and such to be the facts, the law demands a verdict of guilty; he can not otherwise direct such verdict.' * * * The majority of the court is of the opinion, however, that our own court is already in line with the doctrine announced in the *United States* v. *Susan B. Anthony*, 11 Blatch. 200, 24 Fed. Cas. No. 4450, and the Michigan cases holding to the same doctrine. And that the doctrine of these cases is founded upon the sound legal principle that where the facts are undisputed, and only one inference can be drawn from them the question is then one of law for the court, and not of fact for the jury. But the doctrine can not apply in a case where jeopardy attaches, for the reason that in such cases, as before stated, the court is without power to set aside a verdict of acquittal or to direct a verdict either way. Inasmuch as there

might have been imprisonment in this case, it follows that the court erred in directing the verdict.''

In the more recent case of *Parker* v. *State,* 130 Ark. 236, 197 S. W. 283, we held that the court, in a prosecution for embezzlement, could not direct a verdict of guilty, although the testimony was undisputed; that the plea of not guilty, itself, put in issue the truth of the evidence; and, while the charge there was a felony, the decision of the court was not controlled by that fact, as no distinction is made where imprisonment is the punishment, whether the charge be a felony of a misdemeanor.

For the errors indicated, the judgment will be reversed and the cause remanded.