## SNEAD *v.* STATE.

### Opinion delivered May 13, 1918.

1.  CRIMINAL LAW—FELONY—DIRECTED VERDICT.—It is error to direct a verdict of guilty where the prosecution is for a felony and the imprisonment is in the State penitentiary.

2.  LIQUOR—ILLEGAL SALE—ACT OF INTERMEDIARY.—Where defendant was charged with the illegal sale of liquor, and there is evidence

that he may have acted merely as a messenger for the buyer, his guilt or innocence is a question for the jury.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*C. T. Cotham, Arthur Cobb* and *R. M. Ryan,* for appellant.

It was error to direct a verdict. 84 Ark. 564; 130 *Id.* 236; 133 Ark. 549.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

Confess error in directing a verdict when the punishment is imprisonment. 114 Ark. 393; 102 *Id.* 170; 88 *Id.* 269; 77 *Id.* 441; 84 *Id.* 564; 114 Ark. 391.

WOOD, J. Appellant was charged with the unlawful and felonious sale of liquor, in Garland County, Arkansas, in September, 1917. Ike Warren testified for the State, in part as follows: "As near as I can recollect, Snead came over there to Whitman's parlor and I asked him could he get me some 'Shorty' and he told me that he thought that he could get some, then I gave him a dollar and a quarter and he was gone about twenty-five or thirty minutes, perhaps a little longer, before he came back. He brought a half pint bottle of whiskey back with him. He told me got it from a boy named Smoky up on Cedar Street. He told me before he started after the whiskey that he thought that he could get it from Smoky. I did not know that Smoky had any whiskey to sell until Snead told me so."

Appellant testified, in part, as follows: "I know Ike Warren. I have never sold him any whiskey, but I have got whiskey for him twice. That was sometime the latter part of last year. I saw a fellow by the name of Smoky that was hanging around here and he told me that he had some whiskey. He came in here two or three times a week. He told me that he was bringing whiskey in and told me that if I saw anybody that wanted any to tell him. I told him that I didn't like to do that kind of business. I was over there at Whitman's par-

lors and Ike asked me if I knew where he could get some whiskey, wanted me to go get some for him. I told him I didn't know, but I would see if I could get some from Smoky, so I looked him up. I told Ike that I thought that I could get it from Smoky before I started after it. I got the whiskey from Smoky and took it back to Ike. He gave me the money both times before I started after the whiskey.   *   *   *   I had no pecuniary interest in the sale of the whiskey to Ike Warren whatever."

The court instructed the jury in effect that under the undisputed evidence the defendant was a necessary factor in bringing about the sale, and that, therefore, they should return a verdict of guilty.

The appellant among other things requested the court to grant the following prayer:

"You are instructed that if the defendant, at the request of the prosecuting witness, Ike Warren, and solely as the agent of the prosecuting witness and without having any interest in the sale of the liquor other than to procure the liquor for the prosecuting witness, went to the party from whom the whiskey was purchased and with the money furnished him by the said Ike Warren, and without making any profit or having any pecuniary interest or other interest in the sale, purchased whiskey which he carried to Ike Warren, as a matter solely to accommodate Ike Warren, and not for the purpose of procuring a purchaser for the whiskey, or to assist in any way the seller in making the sale, then you should acquit the defendant."

The court refused this prayer. Appellant duly saved his exceptions to the ruling of the court in directing the jury to return a verdict finding him guilty and also in refusing the above and other prayers for instructions asked by him.

These exceptions were made grounds of the motion for new trial, which being overruled, the appellant duly prosecutes this appeal.

The Attorney General confesses error and the confession is well taken.

This court in *Roberts* v. *State,* 84 Ark. 564, held that "It was error to direct the jury to return a verdict of guilty in a prosecution for a misdemeanor which is punishable by imprisonment." Such being the law in cases of misdemeanor where the imprisonment is in the county jail, *a fortiori* it is error to direct a verdict of guilty where the prosecution is for a felony and the imprisonment is in the State penitentiary. See *Parker* v. *State,* 130 Ark. 234; *Wylie* v. *State,* 131 Ark 572.

In *Roberts* v. *State, supra,* we quoted from Mr. Bishop as follows: "The judge is incompetent to convict one of crime, even though he acknowledges it except, on a plea of guilty. The evidence is exclusively for the jury. However conclusive of guilt it may be, he can only tell them that, if they believe such and such to be the facts, the law demands a verdict of guilty; he can not otherwise direct such verdict." Bishop's New Criminal Procedure, vol. 2, p. 813.

In the recent case of *Ellis* v. *State,* 133 Ark. 540, we said: "In the present case the jury might have legally inferred that Ellis was acting in some capacity other than that of assisting a friend or solely as agent of the purchaser. His guilt or innocence depended upon whether or not he in good faith acted only for the buyer in the purchase of the alcohol, or merely pretended to act for the buyer as a subterfuge to evade the law. Whether Ellis acted solely as agent of Beard in buying whiskey, or whether this claim of agency was merely a shift or device to conceal an unlawful sale of alcohol by himself were questions of fact to be determined by the jury."

A majority of the court are of the opinion that the doctrine announced in the above case is applicable to the facts of this record, and that the court erred in instructing the jury that under the undisputed evidence in the case the defendant was a necessary factor in bringing about the sale. That issue should have been submitted to the jury under correct instructions.

For the errors indicated the judgment is reversed and the cause remanded for a new trial.