BURTON *v.* STATE.

Opinion delivered May 27, 1918.

CRIMINAL LAW—PEREMPTORY INSTRUCTION OF GUILTY.—In a criminal prosecution, the trial court is without power to peremptorily instruct a verdict of guilty, where the crime charged is punishable by fine or imprisonment or both.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

It is error to direct a verdict in a criminal case where the offense is punishable by fine and imprisonment. 130 Ark. 234.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell, Assistant,* for appellee.

Confess error.   84 Ark. 564; Act 13, Acts 1917, § 19; 131 Ark. 572; *Parker* v. *State,* 130 Ark. 234.

HUMPHREYS, J. On the 15th day of October, 1917, information was filed by the deputy prosecuting attorney of White County in a magistrate's court against appellant, charging him with shipping and bringing alcoholic liquors into White County, Arkansas, on or about the 11th day of October, 1917.

On the same date and at the same time, in the same court, the deputy prosecuting attorney filed information against appellant, charging him with unlawfully bringing and causing to be brought alcoholic liquors into the State of Arkansas, on or about the 11th day of October, 1917.

Appellant pleaded not guilty to each charge, and, at his request, the causes were tried together.

Appellant was convicted on both charges, from which judgment of conviction he appealed to the circuit court.

It appears that the causes were tried as a consolidated case in the circuit court before a jury upon the affidavits filed in the magistrate's court and the testimony of witnesses.

At the conclusion of the evidence, the court instructed the jury to find the defendant guilty, and, in response to the court's peremptory instruction, the jury returned the following verdict: "We, the jury, find the defendant guilty as charged, and place the fine of ($400) four hundred dollars. I. R. Pence, Foreman." A judgment was rendered against the appellant in accordance with the verdict, from which verdict and judgment an appeal has been prosecuted to this court.

Appellant is charged with a violation of the liquor laws under Act 13, Acts 1917, of the General Assembly of Arkansas. The punishment imposed for a violation under said act is found in section 19 thereof, which is as follows:

"That any person, firm or corporation violating any of the provisions of this act, except otherwise expressly provided herein, shall upon conviction be fined not less than one hundred dollars, and not more than one thousand dollars, for each offense, and may be confined not

less than thirty days nor more than ninety days in the county jail.''

It is insisted by appellant and conceded by the Attorney General that the trial court erred in directing a verdict of guilty for the reason that the trial court is without power to peremptorily instruct a verdict of guilty where the crime charged is punishable by fine or imprisonment or by both. The insistance of error by appellant, and the confession thereof by the Attorney General, is in keeping with the adjudications of this court in like cases. *Roberts* v. *State,* 84 Ark. 564; *Wylie* v. *State,* 131 Ark. 572.

We deem it unnecessary to consider the second assignment of error.

The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.