## LINDSEY v. STATE.

### Opinion delivered March 29, 1920.

1. INTOXICATING LIQUORS—ACTING AS BUYER'S AGENT.—The guilt of a person procuring intoxicating liquor for another from a third person depends on whether or not he acted in good faith only for the buyer or merely pretended to act for the buyer as a subterfuge to evade the law.

2. INTOXICATING LIQUORS—QUESTION FOR JURY.—Whether one procuring whiskey for another from a third person acted solely as the buyer's agent or whether his claim of agency was merely a device to conceal a sale by himself was a question of fact for the jury; and it was error to instruct the jury that if the buyer gave defendant money with which to purchase liquor for him, and he went away and brought back the liquor, the jury should convict him.

3. INTOXICATING LIQUORS—INSTRUCTION.—On a trial for the illegal sale of intoxicating liquor, an instruction on defendant's theory that he acted merely as the agent of the buyer in procuring the whiskey from a third person should have been given.

Appeal from Jefferson Circuit Court; *W. B. Sorrells,* Judge; reversed.

#### STATEMENT OF FACTS.

Lev Lindsey was indicted for the crime of the illegal sale of intoxicating liquors. Ben Dalby was the prosecuting witness. According to his testimony, in January

and February, 1918, he bought a pint of whiskey in Pine Bluff, Arkansas, from Lev Lindsey at three different times. He gave Lindsey $2 for the first pint and $2.50 each for the other two pints.

On cross-examination the witness stated that he might have told Lindsey where to get the whiskey the first time, but that he did not tell him the other two times, as he supposed Lindsey knew where to go.

Lev Lindsey was a witness for himself and testified that he did not sell Dalby any whiskey at any time. He stated that Dalby gave him the money and told him to go to Jim Jefferson and get the whiskey; that he went and got the whiskey from Jefferson as directed by Dalby; that he was not interested in the sale in any manner and did not make any profit out of the transaction.

The jury returned a verdict of guilty, and his punishment was fixed at the period of one year in the State penitentiary. From the judgment of conviction Lindsey has duly prosecuted an appeal to this court.

*Caldwell, Triplett & Ross,* for appellant.

The court erred in refusing instructions 1 and 2 for defendant and in giving No. 3 on its own motion. Defendant merely acted in the capacity of a friend and agent of the purchaser and merely bought the liquor with the money given him as a messenger for the purchaser. He did not *sell* any liquor or aid or abet a sale of liquor. 133 Ark. 540; 202 S. W. 702; 203 *Id.* 703; 134 Ark. 303.

*John D. Arbuckle,* Attorney General, and *J. B. Webster,* Assistant, for appellee.

Confesses error in refusing the instructions asked by defendant. 133 Ark. 543; 134 *Id.* 305.

HART, J. (after stating the facts). The first assignment of error is that the court erred in instructing the jury as follows:

"3. If you believe from the evidence beyond a reasonable doubt that the witness Dalby gave the defendant money with which to purchase liquor and that the de-

fendant went away and brought back and delivered to witness Dalby intoxicating liquor, and if you so find you will convict him; but if you find that the witness gave the defendant money and told him to go to a certain place and purchase the liquor, and the defendant went to such place and got the whiskey from the party and from the place directed, then the defendant would be simply a messenger for witness Dalby, and would not be guilty of selling intoxicating liquor, but if in any instance the witness Dalby gave him money with which to purchase whiskey and did not direct him where to get it, and that the defendant brought back and delivered the whiskey to said Dalby, he would be guilty of a sale, although you may find that the witness sent him after the whiskey and gave him the money to pay for it, and if you so believe beyond a reasonable doubt, you will convict him.''

The Attorney General confesses error, and the confession is well taken. The court erred in telling the jury as a matter of law that if Dalby gave the defendant money with which to purchase liquor for him and the defendant went away and brought back and delivered to Dalby intoxicating liquor, the jury should convict him.

The guilt or innocence of Lindsey depended upon whether or not he in good faith acted only for the buyer in the purchase of the liquor or merely pretended to act for the buyer as a subterfuge to evade the law. Whether Lindsey acted solely as agent for Dalby in buying the whiskey, or whether his claim of agency was merely a device to conceal a sale by himself, was a question of fact for the jury. *Ellis* v. *State,* 133 Ark. 540, and *Snead* v. *State,* 134 Ark. 303.

The defendant asked two instructions. One of which is in all essential respects similar to the instruction asked in the Snead case; and the other is similar to that asked in the Ellis case, above cited. In those cases the court said that the defendant had a right to have his theory of the case submitted to the jury and that the trial court erred in refusing to give the instruction set forth in the opinion. The instruction asked for in the

Ellis case and the one in the Snead case covered the same ground. Therefore it was not necessary for the court to give both instructions, but the court should have given one of them in order that the defendant's theory of the case might be given to the jury.

For the errors indicated, the judgment must be reversed and the cause remanded for a new trial.