## STATE *v.* MILLS.

Opinion delivered September 24, 1923.

CRIMINAL LAW—RIGHT OF APPEAL BY STATE.—The statutes allowing an appeal by the State in cases in which the liberty of the accused is involved, as when the punishment may involve imprisonment, in which case there can be no reversal, do not contemplate an appeal by the State where the court sitting as a jury, after the State's evidence was in, made a general finding that defendant was not guilty; the appeal being allowed only to obtain a decision on a point of law important to the correct and uniform administration of the criminal laws.

Appeal from Phillips Circuit Court; *E. D. Robertson,* Judge; appeal dismissed.

*J. S. Utley,* Attorney General; *John L. Carter, W. T. Hammock* and *Darden Moose,* Assistants, for appellant.

*W. G. Dinning,* for appellee.

HART, J. Information was filed by the deputy prosecuting attorney in the municipal court in the city of Helena charging Willie Mills with the crime of storing alcoholic liquors, in violation of § 6169 of Crawford & Moses' Digest.

The punishment prescribed for violation of the statute is by fine or imprisonment in the county jail, or by both, in the discretion of the court or jury trying the case. Crawford & Moses' Digest, § 6183.

The defendant was convicted in the municipal court, and appealed to the circuit court. There he was tried before the circuit court sitting as a jury, and, after hearing the evidence adduced by the State, the court made a general finding that the defendant was not guilty, and judgment was entered discharging him. The State, by its prosecuting attorney, then prayed an appeal to this court.

The object of the statute allowing the State to appeal in criminal cases is to obtain a decision of the Supreme Court where it is important to the correct and uniform administration of the criminal laws.* In cases

where the punishment prescribed by the statute is by imprisonment, or by fine and imprisonment, the court cannot direct a verdict of guilty, although it may deem the evidence for the State to be uncontradicted. *Roberts v. State,* 84 Ark. 564.

In the application of the principle this court has held that the statute does not contemplate an appeal in a case like this, in which the only error alleged is that the court incorrectly decided that the evidence was not sufficient to warrant a submission of the issue to the jury. *State* v. *Smith,* 94 Ark. 368, and *State* v. *Spear and Boyce,* 123 Ark. 449.

The reason given is that, where the appeal is only taken from the ruling of the trial court that all the evidence was not sufficient to convict the defendant, the ruling is rather upon the sufficiency of the testimony than upon a question of law.

The State's appeal is therefore dismissed.

\* See Crawford & Moses' Dig., §§ 3410, 3425