COLLINS *v.* STATE.

Opinion delivered March 9, 1931.

*E. D. Chastain,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

MEHAFFY, J. Appellant was convicted in the Craw-
ford Circuit Court of the crime of carrying a pistol. A
jury was selected, and at the close of the evidence the
court directed the jury to return a verdict of guilty, and
the punishment was fixed at a fine of $50. Motion for
new trial was filed, which was overruled, and the case is
here on appeal.

The Attorney General confesses error on the ground
that the court had no power to direct a verdict of guilty
because the punishment could have been imprisonment,
and also on the ground that the evidence, being in con-
flict as to whether the appellant was on a journey, should
have been submitted to the jury.

Upon a careful examination of the record we find
that the confession of error is well taken. The statute
provides that any person convicted of carrying a pistol
shall be punished by a fine of not less than $50 or more
than $200 or imprisonment in the county jail for not less
than 30 days nor more than three months or by both fine
and imprisonment. Crawford & Moses' Digest, § 2806.

In misdemeanor cases, where the punishment is by
fine only, the circuit judge would have the power to direct
a verdict of guilty where the facts were undisputed and
where guilt from all the evidence was the only inference
that could be drawn. But where the punishment may be
imprisonment or where the law provides that it may be
fine or imprisonment, the trial judge has no power to di-
rect a verdict. *Roberts* v. *State,* 84 Ark. 564, 106 S. W.
952; *Wylie* v. *State,* 131 Ark. 573, 131 S. W. 573; *Parker*
v. *State,* 130 Ark. 234, 197 S. W. 283; *Snead* v. *State,* 134
Ark. 303, 203 S. W. 703; *Burton* v. *State,* 135 Ark. 164,
203 S. W. 1023; *Huff* v. *State,* 164 Ark. 211, 261 S. W.
654.

It therefore appears settled by the decisions of this
court that the trial judge is without power to direct a ver-
dict of guilty where the punishment may be imprison-
ment.

The appellant in this case testified in substance that
he was on a journey at the time he was carrying a pistol,

and he was therefore not carrying it in violation of the statute. The statute reads in part as follows: "Provided further nothing in this act shall be so construed as to prohibit any person from carrying any weapon when upon a journey or upon his premises. Section 2804, Crawford & Moses' Digest. Appellant's testimony was corroborated by another witness. The evidence was in conflict as to whether appellant was at the time on a journey and whether he was or not was therefore a question for the jury.

"A verdict should not be directed except in cases where the evidence is so conclusive that reasonable minds could not differ as to the result to be reached. A verdict should not be directed unless the proof is free from substantial conflict, although the evidence preponderates in favor of one of the parties or although the conflict arises by indirection." *Paxton* v. *State,* 114 Ark. 393, 170 S. W. 80 Ann. Cas. 1916A, 1239; *Ellington* v. *Denniny,* 99 Ark. 236, 138 S. W. 453; *Pillow* v. *State,* 160 Ark. 195, 254 S. W. 462; *Allen* v. *State,* 165 Ark. 261, 298 S. W. 993.

The judgment of the circuit court is reversed, and the case remanded for new trial.