Charles W. DAVIS *v.* STATE of Arkansas

CA CR 90-118                                    804 S.W.2d 373

Court of Appeals of Arkansas
Division I
Opinion delivered February 27, 1991

*Murrey L. Grider*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JUDITH ROGERS, Judge. The appellant, Charles W. Davis, appeals his conviction of possession of a controlled substance (cocaine), a violation of Ark. Code Ann. § 5-64-401 (1987) and a class C felony, for which he was sentenced to three years in prison. Appellant raises three issues for reversal: (1) that the trial court erred in directing a verdict in favor of the state; (2) that the trial court erred in denying his motion to dismiss; and (3) that the trial court erred in failing to grant his motion to suppress evidence obtained in an unlawful search of his person. We find merit in the first issue raised, and reverse and remand.

This case comes to us from an unusual procedural standpoint. During his opening statement, counsel for the appellant remarked:

> There was this alleged cocaine that was found, it was .05 grams . . . And when brought to the station, you know he [appellant] admitted, I mean he made the statement that they claim he did.

After counsel had completed his opening statement, the trial court removed the jury from the courtroom and a discussion between court and counsel ensued, during which the trial court determined that counsel's comments constituted a judicial confession. Based on this conclusion, the trial court granted the state's motion for a directed verdict on the issue of guilt, and after a brief recess, the jury heard testimony only with regard to the sentence to be imposed. The trial court also granted the state's motion to dismiss the charge of possession of marijuana for which appellant was also being tried.

As his first issue, appellant contends that the trial court erred in directing a verdict of guilt. We agree.

In misdemeanor cases, where the punishment is by fine

only, the trial judge does have the power to direct a verdict of guilt where the facts are undisputed and where guilt from all the evidence is the only inference that can be drawn. *See Taylor* v. *City of Pine Bluff,* 226 Ark. 309, 289 S.W.2d 679 (1956); *Collins* v. *State,* 183 Ark. 425, 36 S.W.2d 75 (1931); *Huff* v. *State,* 164 Ark. 211, 261 S.W. 654 (1924). It is firmly established, however, under Arkansas law and the Federal Constitution, that a trial court has no authority to direct a·verdict in favor of the state in a felony prosecution. *Rose* v. *Clark,* 478 U.S. 570 (1986); *United States* v. *Martin Linen Supply Co.,* 430 U.S. 564 (1977); *McKeown* v. *State,* 197 Ark. 454, 124 S.W.2d 19 (1939); *State* v. *Mills,* 160 Ark. 194, 254 S.W. 468 (1923); *Burton* v. *State,* 135 Ark. 164, 203 S.W. 1023 (1918); *Snead* v. *State,* 134 Ark. 303, 203 S.W. 703 (1918); *Wylie* v. *State,* 131 Ark. 572, 199 S.W. 905 (1917); *Parker* v. *State,* 130 Ark. 234, 197 S.W. 283 (1917); *Roberts* v. *State,* 84 Ark. 564, 106 S.W. 952 (1907). As stated by the supreme court in *Roberts* v. *State, supra:* "The judge is incompetent to convict one of a crime, even though he acknowledge it, except on a plea of guilty. The evidence is exclusively for the jury." In *Parker* v. *State, supra,* the supreme court spoke on this question as follows:

> Whatever may be the rule in relation to misdemeanors, the weight of authority is overwhelming to the effect that in a prosecution for felony where a plea of not guilty is interposed, it is not permissible for the court to direct a verdict of guilty or to pass on any question of fact unfavorable to the defendant. This is true even though the incriminating evidence is uncontradicted or conclusive.

*Id.* at 239, 197 S.W. at 285 (*quoting Shipp* v. *State,* 128 Tenn. 499, 161 S.W. 1017 (1913).

The reason behind this rule lies in the right to a jury trial, which is denied when a trial court directs a verdict against a defendant. *See Rose* v. *Clark, supra; Parker* v. *State, supra.*[1] It has been said that it is within the power of a jury to disregard the evidence and acquit persons whom the evidence show to be guilty,

---

[1] The fact that a different rule applies in misdemeanor cases can be explained in that there is no right to a jury trial in cases for petty offenses. *See generally Edwards* v. *City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989).

*Clark* v. *State*, 169 Ark. 717, 276 S.W. 849 (1925), and that it is within the province of the jury to disbelieve the witnesses for the state. *Parker* v. *State, supra.*

██ In its brief, the state cites authority regarding the conclusive effect of a judicial confession, and also argues that counsel's statement, as a judicial confession, is the "functional equivalent" of a guilty plea, whereby the appellant forfeited his right to a jury trial. We need not decide these questions for the basic reason that we do not believe counsel's remarks constituted a confession. A statement amounts to a confession only if there is an admission of guilt as to the commission of a criminal act. *Snyder* v. *City of DeWitt*, 15 Ark. App. 277, 692 S.W.2d 273 (1985). *See also Bishop* v. *State*, 294 Ark. 303, 742 S.W.2d 911 (1988); *Workman* v. *State*, 267 Ark. 103, 589 S.W.2d 21 (1979). As argued by the appellant, the record reveals that appellant's counsel was responding to comments made by the state in its opening statement, regarding the evidence that was to be introduced at trial, and the "admissions" of counsel went only to what the evidence against the appellant might be. Furthermore, counsel later reminded the jury that the burden of proof was on the state to prove the elements of the offense beyond a reasonable doubt. We believe that counsel's remarks, when viewed in their entirety, fall short of admitting the commission of a criminal act, and thus was not a judicial confession. In sum, we hold that the trial court erred in directing a verdict against the appellant, not only because the trial court clearly has no power to do so, but also because we do not view counsel's statement as a judicial confession.

As his next argument, appellant argues that the trial court erred in failing to grant his motion to dismiss. This motion was made after the trial court had ruled that a judicial confession had been made and after the verdict had been directed. In support of his motion, appellant argued that there was a failure of proof in that there was no evidence in the record corroborating the confession upon which the trial court had based its decision.

██ Arkansas Code Annotated § 16-89-111(d) (1987) provides that a confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed. The trial court overruled

appellant's motion on the ground that appellant had judicially confessed in open court, which under the statute requires no corroboration. We note that the statute also implies and it has been held that such a confession is sufficient to sustain to conviction. *See Skaggs* v. *State*, 88 Ark. 62, 113 S.W. 346 (1908). However, this was not a judicial confession. And, statements and argument of counsel are not evidence. *Burkett* v. *State*, 32 Ark. App. 60, 796 S.W.2d 355 (1990).

■ In addressing this argument, we are not unaware of the attendant double jeopardy considerations. In *Burks* v. *United States*, 437 U.S. 1 (1978), the Supreme Court held that retrial, following an appellate reversal for insufficient evidence, is prohibited by the Double Jeopardy Clause. The Court noted, however, the distinction between reversal for evidentiary insufficiency and "trial error," holding that for the purposes of double jeopardy, the latter does not bar retrial for the same offense. *See also, Lockhart* v. *Nelson.* 488 U.S. 33 (1988). The Court in *Burks* explained:

> In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g. incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Burks*, 437 U.S. at 15.

We believe that the fundamental flaw in the trial of this case is founded upon the trial court's erroneous conclusion that counsel's remarks rose to the level of a judicial confession. And, based on this erroneous ruling, the trial court impermissibly directed a verdict in favor of the state, which dispensed with the necessity of presenting proof on the issue of guilt and effectively denied the appellant his right to a jury trial. We regard this compounding of error, as trial error, as having affected the

fundamental process through which appellant was convicted. Thus, we reverse and remand for a new trial.

It is necessary for us then to address the remaining argument advanced by the appellant, that being his contention that the trial court erred in denying his motion to suppress. A hearing was held on appellant's motion, and it was disclosed that he was stopped while driving his vehicle by Officer Bill Forsyth of the Hoxie Police Department on August 3, 1989, at 2:45 a.m. Officer Forsyth testified that he stopped appellant's vehicle for driving erratically, which he described as weaving across the center line. Forsyth said that appellant smelled strongly of intoxicants, and that appellant related that he was lost and had consumed three beers. The officer stated that appellant failed to satisfactorily perform field sobriety tests, whereupon appellant was arrested for driving while intoxicated.

Officer Forsyth further testified that he frisked the appellant before placing him in the patrol car, as he had noticed a bulge in the front pocket of appellant's pants. There, he found a .25 caliber automatic pistol, and also a knife in appellant's rear pocket. Forsyth said that in moving up the appellant's body, he detected another hard object in his shirt pocket, which he removed, finding two hard packages of cigarettes. On one of the packages, he observed a small, clear packet of what he believed to be cocaine placed between the cellophane and the cigarette package.

It is the appellant's contention that the officer should not have examined the cigarette packages once it was determined that there was no weapon. In reviewing the ruling of a trial court on a motion to suppress evidence on Fourth Amendment grounds, the appellate court makes an independent determination based on the totality of the circumstances and reverses only if the ruling is clearly against the preponderance of the evidence. *Thomas* v. *State*, 303 Ark. 210, 795 S.W.2d 917 (1990).

Pursuant to Rule 12.1 of the Arkansas Rules of Civil Procedure, an officer making a lawful arrest may, without a search warrant, conduct a search of the person or property of the accused to protect the officer, the accused and others. In *Wright* v. *State*, 300 Ark. 259, 778 S.W.2d 944 (1989), the court held that evidence discovered as the fruit of a reasonable and lawful pat-down search is properly admissible. Quoting from *Michigan* v.

*Long*, 463 U.S. 1032 (1983), the court observed that "if the officer should, as here, discover contraband other than weapons, he clearly cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression."

Here, the officer was lawfully conducting a pat-down search when appellant was arrested. Since the officer had already found two weapons, it was reasonable for him to remove the packages from the pocket, which he said felt like a hard object. Furthermore, the discovery of the contraband was inadvertent, as the cocaine was clearly visible as located on the outside of the package. Although the rule does limit the scope of the search, it does not limit what may be seized if discovered during the course of a permissible search. *See Folly* v. *State*, 28 Ark. App. 98, 771 S.W.2d 306 (1989). We find no error on this point.

Reversed and remanded.

DANIELSON and MAYFIELD, JJ., agree.