PILLOW v. STATE.

Opinion delivered September 24, 1923.

1.  INTOXICATING LIQUORS—POSSESSION IN STORE.—In a prosecution for keeping liquor in a store in violation of Crawford & Moses' Dig., § 6169, evidence *held* sufficient to support a conviction, though defendant testified that he did not know that the liquor was there until he found it, and that some one had left it there in his absence.

2.  INTOXICATING LIQUORS—UNLAWFUL POSSESSION—PUNISHMENT.— Under Crawford & Moses' Dig., § 6183, providing as punishment for keeping intoxicating liquors in a store a fine of not less than $100 nor more than $1,000 and not less than thirty days nor more than ninety days in the county jail, a punishment assessed by the jury of $500 fine and thirty days in jail was not excessive where no extenuating circumstances are shown.

Appeal from Greene Circuit Court, Second Division; *G. E. Keck,* Judge; affirmed.

*Jeff Bratton,* for appellant.

*J. S. Utley,* Attorney General; *John L. Carter, W. T. Hammock* and *Darden Moose,* Assistants, for appellee.

HART, J. The main reliance of the defendant for a reversal of the judgment of conviction against him is that the evidence is not legally sufficient to support the verdict. The defendant was prosecuted for violating the provisions of § 6169 of Crawford & Moses' Digest by unlawfully keeping in his store spirituous liquors.

Clarence Cupp was the witness for the State. According to his testimony, the defendant was engaged in operating a store for the sale of general merchandise in Greene County, Arkansas, in the year 1921. In the fall of that year the defendant returned to his store from a bird hunt. After the defendant had been back about twenty minutes, something was said about some liquor. The defendant asked the witness if he ever drank, and the witness replied that he did sometimes. The defendant said that he might find some liquor. He got up and walked behind the counter in his store and brought out a gallon medicine bottle which contained some white whiskey. The prosecuting witness, and others who were present, drank out of the bottle at the invitation of the defendant.

According to the testimony of the defendant and other persons present, the defendant found the liquor upon his return from the bird hunt, and the parties present drank it. The whiskey had been left in the store by some one else during the absence of the defendant. The defendant did not know the whiskey was in the store until he found it. He then took a drink himself, and offered some to the other persons present.

The jury might have legally inferred from the testimony given by the witness for the State that the defendant knew that the whiskey was in his store, and that he

went around behind the counter to get it for the purpose of giving those present a drink of it. It is fairly inferable from the testimony of the State's witness that the defendant was in possession of and kept the liquor in his store. The jury were the judges of the credibility of the witnesses, and had a right to believe the testimony of the witness for the State and disbelieve the testimony of the witnesses for the defendant. Indeed, it was the duty of the jury to accept such evidence as it believed to be true and reject that which it believed to be false. In the exercise of its province in this regard, it might, under the evidence presented by the record, find the defendant guilty as charged. Therefore we hold that this assignment of error is not well taken.

Again, it is insisted that the punishment is too severe, and should be reduced. The jury returned a verdict of guilty, and fixed the punishment of the defendant at a fine of $500 and thirty days in jail. The punishment provided by statute for the offense is a fine of not less than $100 and not more than $1,000 for each offense, and not less than thirty days nor more than ninety days in the county jail. Sec. 6183, Crawford & Moses' Digest. As we have already seen, it was the peculiar province of the jury to judge the credibility of the witnesses. In the exercise of its discretion in this regard the jury believed the witness for the State. The testimony for the State did not disclose any extenuating circumstances or facts which might require the jury to have fixed a lower punishment in the case. Hence we hold that this assignment of error is not well taken.

It is also insisted that the judgment should be reversed because the court permitted the prosecuting attorney to ask the brother of the defendant, who was a witness in his behalf, to state whether or not he had been charged with selling liquor and the case was dismissed.

The witness answered yes before the defendant's attorney objected to the question. It was then within

the discretion of the court to allow the question and answer to stand and we hold that this assignment of error is not well taken.