ELLINGTON v. DENNING.

Opinion delivered May 22, 1911.

CARRYING WEAPONS—UPON A JOURNEY.—One who is returning home from a town 15 miles distant, where he knew only one person, is upon a journey within the exception to the statute prohibiting the carrying of weapons (Kirby's Digest, § 1609) except when upon a journey.

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans,* Judge; reversed.

*G. O. Patterson* and *T. D. Crawford,* for appellant.

Under the testimony this case falls clearly within the exception to the statute and within the ruling of this court in such cases. 45 Ark. 359; 55 Ark. 181.

No brief filed for the appellee.

McCULLOCH, C. J. Appellant was convicted of violating a town ordinance against carrying pistols, his defense being that he was on a journey. The ordinance is in the language of the statute against carrying weapons. The case was tried before the court sitting as a jury, and there was no conflict in the testimony. Appellant lived at Spadra, Arkansas, which is a town fifteen miles distant from Denning, the town of Coal Hill being situated between the two places. He was visiting a young lady residing

at Denning whom he afterwards married. He was not acquainted
with any other person at Denning, and had visited the young
lady at that place only a few times. The witnesses who testified
on behalf of the prosecution—the town marshal and his depu-
ties—stated that they had seen appellant there but once or
twice. He drove to Denning in a buggy on Sunday, October 26,
1910, for the purpose of visiting his affianced, leaving Spadra
about 9 o'clock A. M. and reaching Denning about 1 o'clock. He
carried a pistol in the foot of the buggy, and immediately after
reaching the residence of the young lady he carried it into the
house and placed it in a bureau drawer, where it remained until
he was ready to start home, about 5 or 6 o'clock in the evening of
the same day. When about to leave, he put the pistol back in the
buggy and drove out of town along the road towards Coal Hill
and Spadra, and was intercepted by the marshal and arrested.
A lady and a little girl were in the buggy with him at the time,
and the pistol was found lying in the buggy. The evidence is
undisputed, and we conclude that it fully makes out appellant's
defense against the charge of unlawfully carrying a pistol. He
was, indisputably, on a journey within the meaning of this court's
definition of that term as used in the statute. A journey, within
the meaning of the statute, is where one travels a distance from
home sufficient to carry him beyond the circle of his neighbors
and general acquaintances and outside of the routine of his daily
business. Judge HEMINGWAY, speaking for the court in *Hath-
cote v. State,* 55 Ark. 181, said:

"The prohibition was designed to stop the carrying of weap-
ons on the streets, in society, and among one's habitual asso-
ciates; the exception was designed to permit it when necessary
to defend against perils of the highway to which strangers are
exposed, and that are not supposed to exist among one's own
neighbors."

It is truly regrettable that the lawmakers have not remod-
eled the statute so as to strike from it this antiquated exception,
which is really a reflection upon our civilization, and which too
often affords a convenient loophole for the escape of violators
of the law. In these days there are no perils of the highway
against which the traveler needs for protection a deadly weapon.
The enforcement of law and order should be and is a sufficient

guaranty of safety to the traveler along the highway, and it is absurd to say that he needs a pistol to protect himself from attack. This exception in the statute against pistol carrying is a relic of days far remote from the present when men had to protect themselves from lawlessness with their own strength and prowess, and it is not in keeping with modern civilization. The sooner it, is stricken out of the statute, the better for our good name and for the peace and good order of society. The man with a pistol is generally looking for trouble, and he finds it oftener than the unarmed man. However, the evidence in this case shows that appellant was in good faith pursuing a journey within the meaning of the statute, and that he is not guilty of violating the law. The judgment is therefore reversed, and the cause remanded for a new trial.

HART, J., dissents.