John Larry LINDSEY and James E. JACKSON
*v.* STATE of Arkansas

CR 78-118                                        572 S.W. 2d 145

Opinion delivered October 23, 1978
(Division I)

*John W. Achor,* Public Defender, for appellants.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellants were charged with robbery and found guilty by the court sitting as a jury. Appellant Lindsey was sentenced to seven years' and Jackson to five years' imprisonment. The only issue on appeal is whether the trial court erred in refusing to suppress the in-court identification of them by the prosecuting witness. Appellants objected to their in-court identification by the robbery victim on the ground they had been subjected to an out-of-court identification by him which did not involve a line-up. They argue that the out-of-court identification was impermissibly

suggestive and the in-court identification did not stem from a source independent of the prior confrontation. Thus, the identification should have been suppressed. We cannot agree.

The fact that a confrontation between a victim and suspects takes place at a show-up rather than a line-up does not, without more, constitute a violation of constitutional rights. *Neil* v. *Biggers*, 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375 (1972); and *Manson* v. *Brathwaite*, 432 U.S. 98, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977). "Reliability is the linchpin in determining the admissibility of identification testimony for confrontations," and if, from the "totality of the circumstances," the confrontation did not give rise to a "very substantial likelihood of irreparable misidentification," the in-court identification is properly admitted. *Manson* v. *Brathwaite, supra;* see also *Simmons* v. *U.S.*, 390 U.S. 377, 88 S. Ct. 967, 19 L. Ed. 1247 (1968); and *McCraw* v. *State*, 262 Ark. 707, 561 S.W. 2d 71 (1978). There are several factors to consider in determining the reliability and admissibility of the identification testimony. These include the time between the commission of the crime and the confrontation, the attentiveness of the witness and his opportunity to view the accused at the time of the crime, the accuracy of his description of the accused, and the level of his certainty at the confrontation. These factors must be weighed against the "corrupting effect of the suggestive identification itself." *Manson* v. *Brathwaite, supra;* and *Neil* v. *Biggers, supra.*

Here the victim testified that the robbery occurred as he was walking across a bridge to work. He observed his assailants for three to five minutes as they approached and walked past him. Lindsey then approached him alone, asked him for his money and hit him. The other three robbers then joined Lindsey. Lindsey again asked him for his money and knocked him down. He looked directly at the participants and at Lindsey's face when he asked for money. Although it was dark, there was a bridge light ten or fifteen feet away. The momentary loss of his glasses upon being knocked down did not impair his vision. He immediately reported the robbery. He positively identified the four youths at a show-up approximately ten minutes after the police were notified. He was able to tell the police that the first two suspects shown to

him did not actually hit him. He had reported to the police that the robbers took one $10 bill and two $1 bills. Within a few minutes following the robbery, the arresting officer found precisely those denominations in appellant Jackson's coat pocket.

Further, the reliability of the identification is not diminished by the fact that the police officer who talked with the victim immediately after the robbery had had appellants and their confederates under surveillance for more than an hour in North Little Rock, watched them walk south on the Main Street bridge shortly before the robbery, and then picked them up at the foot of the bridge after being notified of the crime.

From the totality of the circumstances, we cannot say, as a matter of law, that "a very substantial likelihood of an irreparable misidentification" was demonstrated here.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.