Gary Lee HAYS *v.* STATE of Arkansas

CA CR 79-136                                            597 S.W. 2d 821
Court of Appeals of Arkansas
Opinion delivered February 27, 1980
Supplemental Opinion on denial of rehearing April 9, 1980
Review denied April 14, 1980
Released for publication April 30, 1980

702

*Darrell W. Johnson,* for appellant.

*Steve Clark,* Atty. Gen., by *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

M. STEELE HAYS, Judge. Appellant was charged and convicted of possession of five pounds of marijuana with in-

tent to deliver in violation of Act 590 of 1971, "The Controlled Substances Act." The jury imposed a fine of $3000.00 and a sentence of three years in the Department of Corrections. Appellant brings this appeal charging that numerous errors in the proceedings below demand reversal.

## I

Appellant argues that the trial court erred in permitting the prosecuting attorney to mention in closing argument the detrimental effects of marijuana upon high school students, no evidence having been introduced in this regard. We find the argument to be unconvincing for more reasons than one. The comments are essentially the mere expression of an opinion and were not offered as statement of fact outside the record. We believe the jury would be discerning enough to recognize the difference, particularly in the light of the court's instruction that the opening statements and closing arguments were not evidence and should not be regarded as such by the jury. Words of a similar import were argued to the jury in closing argument in *Hall* v. *State,* 264 Ark. 885, and approved by a majority:

> In the final argument to the jury, the Prosecuting Attorney made reference to the deterioration of the community due to its young people injecting heroin into their bodies. Appellant pointed out that there was no evidence in the record to support such argument and moved for a mistrial. The trial court overruled the objection and appellant raises the same issue here. We find no merit to the contention for there is no error in arguing to the jury matters about which courts will take judicial notice . . .

Justice Fogleman, concurring, took some exception to the use of the term "judicial notice' but agreed that it is not prejudicial for an attorney to make comments which are a matter of common and general knowledge. But, an added problem here is that no objection was raised and in the absence thereof, the point will not be considered on appeal. *Rowland* v. *State,* 263 Ark. 77.

## II

Similarly, appellant argues that the trial court erred in permitting the Prosecuting Attorney to argue in closing that a co-defendant not on trial would spend three years in the penitentiary. Appellant relies on *Jackson* v. *State,* 215 Ark. 420, and *Hammond* v. *State,* 173 Ark. 674, as holding such comment to be reversible error. But again, no objection was offered and the point cannot be raised for the first time on appeal. Nor do the *Jackson* and *Hammond* cases deal with comment in closing argument, as stated. Rather, the error in these cases was in receiving evidence of the conviction of a co-defendant.

Clearly, this information, properly objected to, is not admissible evidence and, it follows, not suitable for closing argument. But in the case before us not only was no objection voiced but to some extent the comment was invited by the defense. After having introduced evidence showing that the three co-defendants, Pegues, Rodriguez and Foster were also charged with the same crime as appellant, counsel asked the jury to consider why they had waited around the courthouse all day to testify against the appellant, creating, we think, a veiled inference that justified some comment by the prosecution. If appellant felt that comment went too far, it was incumbent upon him to object. The point is that where no objection arises, the court is deprived of an opportunity to correct such inferences, and a party cannot wait for review to raise the issue.

## III

Appellant next contends that it was error to permit a police officer, Mr. Yates, to "volunteer" information from the police intelligence files concerning appellant and to permit the Prosecuting Attorney to discuss the matter in closing argument. We disagree with appellant's contention that this witness' answer to a question was not responsive or was the result of "the most careful deliberation." On the contrary, the answer complained of was directly responsive to the question framed to the witness:

BY MR. JOHNSON (T.P. 254);

Q: At that time you had no knowledge of Gary Hays, and your police informant had given you no name or address or telephone number of Gary Hays, is that true?

A: We had information about Gary Hays.

The question was a compound question, and the witness chose to answer the first part dealing with whether he had, as a member of the narcotics squad, information about the appellant. The answer was not unresponsive and doesn't appear to be "carefully deliberate", particularly in view of the answer to a question just preceeding (TP. 254):

Q: You never ever had cause to charge him, you had not run across him at all, you haven't run across his name have you.

A: Yes, we have

It is evident that counsel hoped to elicit from the prosecution's own witness that appellant was unknown to the police engaged in narcotic intelligence, and risked the questions he did; the fact is the answers were responsive, although not those anticipated; and having been received as evidence it was not improper for either side to mention it in argument. Additionally, as there was no objection at trial, the error appellant now asserts will not be considered.

## IV

Appellant filed motions in limine to preclude the introduction of taped conversations between a police informant, Joe Fiori, and a co-defendant, James Pegues, and urged the exclusion of these conversations at a pretrial hearing. The conversations took place on March 30 and April 5, 1978, and were primarily the discussion of a proposed purchase of five pounds of marijuana for a price of $675.00. Appellant was not named or identified, directly or indirectly, in the conversation — in fact the only words remotely suggesting the involvement of someone else are: (T. p. 230):

Fiori: . . . I'd like to do some business with you, you know.

Pegues: Well, it's not up to me.

At the hearing on appellant's motions in limine counsel strenuously objected to the introduction of the tapes, but the court ruled that they were admissible as to Pegues, a co-defendant, and did not implicate the appellant in any fashion. We think the ruling of the trial court was proper. The conversations were part of the prearrangements for the purchase of marijuana on April 6, which was the sale for which appellant was being tried and we find no error in receiving this evidence. It is perhaps inevitable that some circumstances or conversations preceeding prearranged drug purchases are likely to come before the jury and it is the responsibility of the trial court under Rule 404 and 403, Ark. Stat. Ann. § 28-1001, to weigh the probative value of the evidence against whatever prejudicial impact it may have. Here there was little of either in the content of the tapes and we think the court was justified in overruling the motions in limine and in receiving the tapes into evidence at trial, particularly in view of counsel stating "no objection" as each tape was offered in evidence.

Counsel argues that the tapes were hearsay, and we agree with him, in that they became objectionable as hearsay evidence *after* the codefendant, Pegues, was severed from the case; however, this objection should have been renewed at trial and the record at pages 224 and 228 make it clear that the tapes were not objected to.

V

Finally, appellant urges that it was error to permit the introduction of evidence of other marijuana sales by the appellant to show intent, motive and design where appellant intended to take the stand and admit the fact of his possession of marijuana with intent to deliver. We need not reach the heart of this rather ingenious argument, for the reason that we are unable to agree that testimony of other sales *by the appellant* was in fact received in evidence. Officer Yates testified to the purchase of one pound of marijuana by Joe Fiori at the residence of James Pegues and Teresa Rodriguez at 2123 Churchill Street on two separate occasions, one on March 14 and

another on March 23. However, there was no evidence, direct or circumstantial, linking the appellant to these sales and therefore, we do not consider the evidence to be analogous "to the other offenses" within the exclusionary rule.

We do not find, viewing this case overall, that there was prejudicial error mandating a reversal. In arriving at that conclusion we are swayed by the fact that the appellant not only admitted the offense with which he was charged, as well as the requisite intent, but he also admitted being the supplier of marijuana for at least five or six people over what seems an extended period of time. Appellant's admission of guilt of the offense he was charged with largely removes the risk which was cited in *Alford* v. *State,* 223 Ark. 330, as the reason for the exclusion rule, *i.e.,* the danger of an innocent defendant being convicted. A trial is, or should be, a search for the truth of the guilt or innocence of the accused, and not an exercise in legal theatrics to determine whether all the rules of evidence and procedure (with the many shades of gray) can be kept inviolate. Where guilt is assured from the accused's own testimony in the form of a judicial confession, we think the scrutiny of appellate review should be relaxed at least where the penalty is within the law.

Appellant hoped, obviously, for a suspended sentence. The fine and sentence of three years does not strike us as unreasonable in the least, all things considered. There can be no assurance that simply because an accused has no previous record he is justified in thinking he was mistreated if not given a suspended sentence. Some are so fortunate but absolute uniformity in such matters has not, as yet, been realized.

Finding no prejudicial error, we affirm.

Supplemental Opinion on Denial of Rehearing
delivered April 9, 1980

PER CURIAM. In its petition for rehearing, appellant argues that the original opinion clouds the rule that a party need not renew an objection to evidence at trial which has been objected to by a motion in limine. Appellant cites *Bell* v. *State,* 120 Ark. 530, which does not support the point. However, because appellee agrees, in part, with appellant's argument, although not agreeing that the case should be reheard, the original opinion is clarified by pointing out that the decision did not turn on the issue of whether the objection is preserved throughout the trial by a motion in limine, but rather on the fact that the appellant plainly and unmistakable *waived* whatever earlier objection he had made by stating "no objection" in each instance when the tapes were introduced. When the first tape was offered the following occurred (p. 223):

MR. FILYAW:

Q. I will show you what has been marked as Plaintiff's Exhibit #4, which is a typewritten copy of a transcript of a conversation, and ask you to glance over that carefully and tell me if you are familiar with that?

A. Yes, sir, that's the telephone conversation of March 30.

Q. Is that the transcript of the tape that you have there?

A. That's correct.

Q. Well, is this correct with the conversation?

A. That's correct.

Q. That is a correct and accurate transcript?

A. Yes, sir, it is.

MR. JOHNSON: No objection.

When the second tape was offered (p. 227):

MR. FILYAW:

Q. And I will show you Plaintiff's Exhibit #5, another transcript. Would you please read through that. Is that an accurate transcription of the conversation that day?

A. That's correct.

Q. You did tape that?

A. Yes, I did.

Q. And you have that tape with you today?

A. Yes, sir, I do.

MR. JOHNSON: No objection.

Appellant cannot affirmatively remove his objection when evidence is offered at trial and seriously contend on appeal that reversible error has occurred.

Petition denied.