Donald RIGGINS *v.* STATE of Arkansas

CA CR 85-143                                    703 S.W.2d 463

Court of Appeals of Arkansas
Division I
Opinion delivered February 12, 1986

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by jury of driving while intoxicated (DWI) and of violating Ark. Stat. Ann. § 41-3151 (Repl. 1979) (carrying prohibited weapons) in the Faulkner County Circuit Court. He was sentenced to thirty days and fined $500.00 for the DWI, and he was fined $250.00 for the weapons conviction. The appellant raises three points on appeal: (1) the trial court erred in refusing to instruct the jury on a defense to the charge of carrying a prohibited weapon; (2) the court improperly admitted into evidence the testing procedures used in administering the breathalyzer test, and the test results; and (3) the court improperly admitted statements made by the appellant to the police officer in violation of the fifth amendment of the United States Constitution. We affirm the conviction.

On his first point for reversal, the appellant contends that he was entitled to an instruction that being on a "journey" was a defense to the charge of carrying a prohibited weapon. The appellant is entitled to a correct instruction as to his theory of the case *if* there is any *supporting evidence*, and if it is not covered by other instructions given by the court. *Johnson* v. *State*, 252 Ark.

1113, 482 S.W.2d 600 (1972). A journey has long been defined as

> where one travels a distance from home sufficient to carry him beyond the circle of his neighbors and general acquaintances and outside of the routine of his daily business. . . . "The prohibition was designed to stop the carrying of weapons among one's habitual associates; the exception was designed to permit it when necessary to defend against perils of the highway to which strangers are exposed, and that are not supposed to exist among one's own neighbors."

*Ellington v. Denning,* 99 Ark. 236, 237, 138 S.W. 453, 453 (1911) (quoting *Hathcote v. State,* 55 Ark. 181, 185, 17 S.W. 721, 722 (1891)). The court in *Hathcote* also stated that, "while we cannot state an unbending rule by which to define the scope of the exception, it should in every case be interpreted in the light of good sense and with regard to the spirit and intent of the statute." 55 Ark. at 185. In this case, the appellant testified that he was on his way back from Morrilton, a distance of some twenty-six miles, after attempting to visit a friend who lived there. He indicated that he went to Morrilton frequently and testified that he did not consider driving to Morrilton to be a trip. There is no evidence in the record which indicates that, by driving to Morrilton and back, the appellant had traveled beyond the circle of his neighbors and general acquaintances, making it necessary to defend against the perils of the highway. There being no evidence to support the giving of the instruction, we hold that the court's failure to do so did not constitute reversible error.

■ The appellant's second point for reversal concerns the admission of the breathalyzer testing procedures and test results. The appellant contends that, because there was a period of three-months time in the log book where there was no indication of the daily calibration tests, any use, or any repairs of the machine until four days prior to the administering of the test to the appellant, the State failed to show proper compliance with the Arkansas Health Department Regulations for Blood Alcohol Testing, § 5.11(G). Only substantial compliance with Health Department regulations is required. *Sparrow v. State,* 284 Ark. 396, 683 S.W.2d 218 (1985). Here, the machine had been recertified by the Health Department on April 18, 1984, the end of the three-

month gap, and records had been kept since that time. While the appellant's argument would have merit if the certification had not occurred since the gap, the records kept since the recertification are complete and substantially comply with the regulations.

■ The appellant also contends that it was error to admit the test results into evidence, as the appellant had to blow into the machine three times before the machine received an adequate volume of air to register any results. The appellant contends this was error because the machine was not reset between each breath, and he alleges that the failure to reset the machine improperly increased the percentage of alcohol in the sample. The Health Department regulations do not require that a breathalyzer be reset if the first test attempt does not provide enough breath to be analyzed. The only regulation related to sample size is § 3.41, which provides that "[t]he quantity of breath shall be established by direct volumetric measurement or by collection of a fixed breath volume at a constant temperature." The senior operator who administered the test, Officer Springer, testified that the machine had a light which would light up for a period of four to five seconds whenever the machine received a sufficient volume of air to analyze, and that this did not occur until the appellant's third try. He also testified that, during his training, he was informed that when a suspect did not blow hard enough to obtain a sufficient sample of breath, he should have that person blow again. He said that at no time during this training was he advised that the machine had to be reset and that it was his understanding that, when multiple breaths were needed to obtain a sufficient air sample, they would not raise the alcohol content of the sample. The appellant made no attempt at trial, other than his own unsupported testimony, to show that such a procedure would, or could, increase the alcohol content of the sample. We find that the testing procedures and subsequent test results were in substantial compliance with the department regulations.

■ The appellant's final point gives us the most problem. It is undisputed that the arresting officer had the appellant in custody and had failed to read him his rights before questioning him about the ownership of the guns. There is no doubt that the trial court erred in admitting the officer's testimony that the appellant told him the guns were his. *See Shelton* v. *State*, 287 Ark. 322, 699 S.W.2d 728 (1985); *Weatherford* v. *State*, 286

Ark. 376, 692 S.W.2d 605 (1985). However, the appellant also confessed on the stand that one of the guns did belong to him. The appellant's statement in court was elicited on direct examination. We hold that, with this confession, the jury had conclusive proof that the appellant owned one gun, a prohibited weapon, and therefore, the admission of the confession, although erroneous, could not have been prejudicial. *Trollinger* v. *State*, 14 Ark. App. 184, 686 S.W.2d 796 (1985); *Hays* v. *State*, 268 Ark. 701, 597 S.W.2d 821 (Ark. App.) *cert. denied*, 449 U.S. 837 (1980); *Mize* v. *State*, 267 Ark. 743, 590 S.W.2d 75 (Ark. App. 1979).

There being no prejudicial error shown on the part of the trial court, we affirm the appellant's conviction.

Affirmed.

CLONINGER, and MAYFIELD, JJ., agree.