William BARLOW *v.* STATE of Arkansas

CA CR 88-168                                    770 S.W.2d 186

Court of Appeals of Arkansas
Division I
Opinion delivered May 17, 1989

*Dan Harmon*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a jury of possession of marijuana with intent to deliver in violation of Ark. Stat. Ann. § 82-2617 (Supp. 1985) (now codified at Ark. Code Ann. § 5-64-101 (1987)), and sentenced to four years in the Arkansas Department of Correction. On appeal he argues that the trial court erred in refusing to suppress the marijuana because it was found pursuant to a warrantless search of a duffel bag he had in his car, and that the trial court erred in refusing to suppress money which was found in his eight-year-old son's underwear. We affirm.

Trooper Myron Hall of the Arkansas State Police testified at the hearing on the appellant's motion to suppress that, on July 29, 1987, he received a call which described a car and gave a license

plate number. He was informed that the car had just left a rest area with a "load of dope."

Trooper Hall soon spotted the car approaching him. He testified that he clocked the car on radar at 66 miles per hour in a 55 mile per hour zone. He pulled the car over, checked the appellant's license, told him he was under arrest for speeding, and placed the appellant in his patrol car.

He then returned to the appellant's car and noticed that it was "trashy." He also saw a duffel bag that he found suspicious because it was clean. Inside the bag he found five bags of leafy vegetable matter. The officer also placed the appellant's eight-year-old son in the car and transported both of them to the sheriff's office, where a large bulge was noticed in the back of the child's pants. A matron searched the child and discovered $880.00 in cash in his underwear.

At trial the appellant testified that he had been a regular user of marijuana for the last ten years and that, although he usually does not buy it in large quantities, he did so this time because it was a good deal and he had been having difficulty buying it. He admitted that he planned to store the four pounds, ten ounces of marijuana and keep it for himself. He stated that he withdrew about $4400.00 from his savings account and bought the marijuana in Hot Springs for $3500.00. The remainder of the money he stuffed in his son's pants when he was stopped and told him to give it to his mother.

██ Because the appellant took the stand and gave a judicial confession to his actions which clearly constituted commission of the offense with which he was charged, the jury had conclusive proof of his guilt, and the allegedly improper evidence was of no consequence to the appellant and not prejudicial. *Riggins v. State*, 17 Ark. App. 68, 703 S.W.2d 463 (1986); *Trollinger v. State*, 14 Ark. App. 184, 686 S.W.2d 796 (1985); *Hays v. State*, 268 Ark. 701, 597 S.W.2d 821 (Ark. App. 1980), *cert. denied*, 449 U.S. 837 (1980); *Mize v. State*, 267 Ark. 743, 590 S.W.2d 75 (Ark. App. 1979); *see Johnson v. State*, 298 Ark. 617, 770 S.W.2d 128 (1989), and *Richardson v. State*, 288 Ark. 407, 706 S.W.2d 363 (1986). Because of the overwhelming evidence of guilt, the error was harmless, even though the

admission of the evidence may have violated the appellant's constitutional rights. *Mize, supra.* We have said many times that we will not reverse when an error is harmless beyond a reasonable doubt. *Gage* v. *State*, 295 Ark. 337, 748 S.W.2d 351 (1988).

Affirmed.

CORBIN, C.J., and CRACRAFT, J., agree.