The Honorable Jake Files State Senator
300 Free Ferry Landing Fort Smith, Arkansas 72903
Dear Senator Files:
You have requested my opinion on the following questions concerning A.C.A. § 5-73-120, which provides a defense to the offense of "carrying a weapon" if the person is carrying the weapon "when upon a journey":[1]
 1. Under Arkansas Code § 5-73-120(c)(4), what is the definition of the word "journey?"
 2. Under Arkansas law, what does it mean to be "upon a journey?" *Page 2 
RESPONSE
The word "journey" is not defined by A.C.A. § 5-73-120 or any other statute. I am of course unable to supply a controlling definition of a term that the General Assembly has not defined.[2]
In addition, the question whether a person is "upon a journey" may be a question of fact.[3]
My research does indicate, however, that there is a common-law definition of the term. As stated by the Arkansas Supreme Court inRiggins v. State, 17 Ark. App. 68, 70, 703 S.W.2d 463 (1986):
A journey has long been defined as
 where one travels a distance from home sufficient to carry him beyond the circle of his neighbors and general acquaintances and outside of the routine of his daily business . . ."The prohibition was designed to stop the carrying of weapons among one's habitual associates; the exception was designed to permit it when necessary to defend against perils of the highway to which strangers are exposed, and that are not supposed to exist among one's own neighbors."
 Ellington v. Denning, 99 Ark. 236, 237, 138 S.W. 453, 453 (1911) (quoting Hathcote v. State, 55 Ark. 181, 185, 17 S.W. 721, 722 (1891)). The court in Hathcote also stated that, "while we cannot state an unbending rule by which to define the scope of the exception, it should in every case be interpreted in the light of good sense and with regard to the spirit and intent of the statute." 55 Ark. at 185.
Of course, as revealed by Riggins, supra, resolution of the issue presented in an individual case may ultimately require reference to the particular surrounding facts. The court in that case found no evidence to support instructing the jury that being on a "journey" is a defense to the charge of carrying a prohibited weapon: *Page 3 
 In this case, the appellant testified that he was on his way back from Morrilton, a distance of some twenty-six miles, after attempting to visit a friend who lived there. He indicated that he went to Morrilton frequently and testified that he did not consider driving to Morrilton to be a trip. There is no evidence in the record which indicates that, by driving to Morrilton and back, the appellant had traveled beyond the circle of his neighbors and general acquaintances, making it necessary to defend against the perils of the highway. There being no evidence to support the giving of the instruction, we hold that the court's failure to do so did not constitute reversible error.[4]
These excerpts offer some guidance as to the relevant legal test, while also revealing that consideration must be given to each varying fact pattern. For further information regarding the "journey" defense, you may wish to review 94 C.J.S.Weapons § 23 (June, 2011). This publication compiles cases from a number of jurisdictions, including Arkansas, regarding the offense of carrying a weapon and statutory exceptions for persons traveling or on a journey.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/EAW:cyh
[1] The statute provides in relevant part:
 A person commits the offense of carrying a weapon if he or she possesses a handgun, knife, or club on or about his or her person, in a vehicle occupied by him or her, or otherwise readily available for use with a purpose to employ the handgun, knife, or club as a weapon against a person.
 * * * It is a defense to a prosecution under this section that at the time of the act of carrying a weapon:
 * * * (4) The person is carrying a weapon when upon a journey, unless the journey is through a commercial airport when presenting at the security checkpoint in the airport or is in the person's checked baggage and is not a lawfully declared weapon[.]
A.C.A. § 5-73-120(a) and (c) (Repl. 2005).
[2] See Op. Att'y Gen. 2007-280 (citing a number of previous Attorney General opinions that have noted the Attorney General's lack of authority to supply a definition of a term that the legislature has not defined.)
[3] Woodall v. State,260 Ark. 786, 543 S.W.2d 957 (1976) (citing Collins v. State,183 Ark. 425, 36 S.W.2d 75 (1931)).
[4] 17 Ark. App. at 70.

 *Page 1